# UNITED STATES OF AMERICA *v.* JAMES F. FIND-LAY, T. CLIVE DAVIES AND W. H. BAIRD.

## May 13, 1913.

*Suretyship—Construction of bond—Surety's liability:* Though the liability of a surety is a matter *strictissimi juris*, yet his undertaking is to be construed by the same rules as other contracts and gauged by the fair scope of its terms,—and, if possible, so as to be upheld.

*At Law*: Motion in arrest of judgment.

*R. W. Breckons,* U. S. District Attorney, for plaintiff.
*I. M. Stainback* (*Holmes, Stanley & Olson* with him), for defendants.

CLEMONS, J. The defendants move in arrest of judgment, "on the ground that the declaration does not state facts sufficient to constitute a cause of action."

In this behalf it is contended, that the word "alleged" in the condition of the bond, contemplating a determination of "penalties so alleged to have been incurred," implies *disputed* liabilities and, so, can refer only to an arbitration, which the department has no authority to make.

This point is disposed of at length in the decision in question, in which it was held that the bond was intended to apply to a penalty-remission proceeding and that such intent prevailed in spite of the use of the word "alleged."

Also, it is contended, that, from the standpoint of the sureties, as to whose contract the rule of strict construction applies, there can be no liability under this bond; counsel citing *Miller v. Stewart,* 9 Wheat. 680; *Legget v. Humphrey,* 21 How. 66, and *Long v. Pike,* 27 Ohio St. 498.

These authorities support the rule that "the contract of a surety is to be construed strictly, and is not to be extended beyond the fair scope of its terms," and that "a surety may stand on the terms of his undertaking." My decision had in full view the "fair scope" of the bond's terms, and applied the distinction, overlooked by counsel, between the rule of the surety's strict liability on the one hand and rules of construction on the other. This difference is so well expressed by a leading American work on suretyship, that scarcely more than a mere reference need be made thereto: 1 Brandt, Suretyship, 3d ed.; sec. 107. The contract of the sureties here is "to be construed by the same rules as other contracts are." The rules of evidence and the rule of estoppel and the other rules applied in my decision against these sureties, have full force,—and not the least, the rule that in construing an agreement, such a meaning will be applied to its language as to uphold it if possible. See Id., sec. 103 and notes. Also, Stearns, Suretyship, secs. 18, 19.

The motion in arrest is denied.